CLOSED

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PIONEER LOGISTICS SYTEMS, INC.** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-5306 (ES) |
| | : | |
| v. | : | |
| | : | |
| **MOTOR FREIGHT, INC.** | : | **OPINION & ORDER** |
| | : | |
| Defendant. | : | |
| | : | |

**SALAS, District Judge**

This action comes before the Court on the motion of Plaintiff Pioneer Logistics Systems, Inc. ("Pioneer" or "Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions (D.E. Nos. 9, 10, 12),[1] and it appearing that:

1. Plaintiff commenced this civil action on August 23, 2012. (*See* D.E. No. 1).

2. Defendant Motor Freight, Inc. ("Defendant" or "Motor Freight") was served with a copy of the Summons and Complaint on August 28, 2012. (*See* D.E. No. 4).

3. The time for answering the Complaint has expired, and the Defendants have not been granted an extension of time within which to answer and have failed to interpose an answer or otherwise respond to the Complaint.

4. On September 25, 2012, Pioneer sent the Clerk of Court a request that default be entered against Motor Freight. (*See* D.E. No. 6).

---

[1] As an initial matter, the Court notes that Plaintiff did not file a brief in support of its motion. Local Civil Rule 7.1(d) requires submission of a brief or a statement that no brief is necessary and the reasons therefor. Plaintiff failed to submit either. Nevertheless, in the interests of justice and expediency, the Court will decide the within motion on its merits.

5. On September 26, 2012, the Clerk of Court entered default as to Defendant. (D.E. No. 7).

6. On October 11, 2012, Plaintiff filed the present motion seeking default judgment against Motor Freight. (*See* D.E. Nos. 9 & 10). Plaintiff has provided the Defendant with notice of the motion for default judgment and related documentation. (*See* D.E. Nos. 9, 10, 12).

7. To date, Motor Freight has not opposed Plaintiff's motion for default judgment. Thus, the Court accepts the allegations of the Complaint as true and admitted by the Defendant. *See Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 U.S. Dist. LEXIS 77650, at *6 (D.N.J. July 18, 2011). For that reason, the Court finds that Plaintiff's allegations establish breach of a motor carrier/broker agreement. Plaintiff's allegations further demonstrate that Plaintiff is entitled to the attorneys' fees and costs that have been incurred as a result of having to enforce its interests.

8. Therefore, this Court concludes that entry of default judgment against Motor Freight is warranted for the following two reasons. First, Motor Freight is culpable because it has not proffered a meritorious defense in response to Pioneer's claims. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 U.S. Dist. LEXIS 71738, at *4-5 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond"). Second, Pioneer has suffered economic loss as a result of Motor Freight's failure to respond and will continue to suffer if Plaintiff's motion for default judgment is not granted.

Accordingly, IT IS on this 5th day of   February  , 2013,

**ORDERED** that judgment is entered against Defendant Motor Freight, in favor of Plaintiff in the amount of $13,392.50 in addition to pre-judgment interest up to the date this order is signed.  The total amount of $13,392.50 is for liquidated damages; and it is further

**ORDERED** that Plaintiff's counsel shall submit a letter brief of no more than 5 pages to support its claim for one-third amount of the damages in attorneys' fees and costs within fourteen days of the entry of this Order.  Specifically, Plaintiff's counsel shall explain why this Court shall grant attorneys' fees and costs where the contract is silent as to the specific amount of attorney's fees and where the attorney's fees and costs are provided in an indemnification provision of the contract, which generally is intended for indemnification against liability involving third parties.  (*See* D.E. No. 10, Ex. C).

<em>s/Esther Salas</em><br>
<strong>Esther Salas, U.S.D.J.</strong>